Beth E. Terrell, CSB #178181
Email: bterrell@terrellmarshall.com
TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
Telephone: (206) 816-6603
Facsimile: (206) 319-5450

Sophia M. Rios (SBN 305801)
srios@bm.net
BERGER MONTAGUE PC
401 B Street, Suite 2000
San Diego, CA 92101
Tel: (619) 489-0300
Fax: (215) 875-4604

[Additional Counsel Appear on Signature Page]

*Attorneys for the Plaintiff*

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
EUREKA-MCKINLEYVILLE DIVISION

| | |
|---|---|
| CALEB HALEY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ALBERTSONS COMPANIES, INC., a foreign corporation, and SAFEWAY, INC., a domestic corporation,<br><br>Defendants. | NO. 23-cv-2811<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION, AND INJUNCTIVE RELIEF FOR VIOLATIONS OF:**<br>**1. UNFAIR COMPETITION LAW**<br>**2. FALSE ADVERTISING LAW**<br>**3. CONSUMERS LEGAL REMEDIES ACT**<br><br>**DEMAND FOR JURY TRIAL** |

## I.   INTRODUCTION

1.1   Major grocery retailer Albertsons Companies, Inc. operates hundreds of Safeway branded stores in California. Safeway stores routinely market meat, ice cream, frozen food, coffee, and other products under Buy One, Get One Free promotions. The grocery products offered as part of "Buy One, Get One Free," or "Buy One, Get Two Free" (collectively

CLASS ACTION COMPLAINT - 1

1  "BOGO") sales rotate frequently. These promotions have been regularly available in California Safeway stores over the last four years. The "free" product is prominently promoted on special point-of-sale ads and on the packaging of the products themselves. But Albertsons and Safeway make consumers pay for the seemingly "free" product.

1.2     When Safeway stores offer grocery items under BOGO promotions, they raise the regular retail price of the BOGO grocery products, so that consumers pay substantially more for the first product to cover the cost of the second product that Safeway claims is "free." As a result, consumers making purchases under these promotions do not get a free product. Instead, they pay more for the product and buy more of the product than they otherwise would to obtain the illusory "free" product.

1.3     These "free" sales are unlawful, unfair, or deceptive practices under California's Unfair Competition Law and are impermissible under California's False Advertising Law.

1.4     Caleb Haley brings this action on behalf of himself and other Safeway shoppers in California who overpaid for products offered as part of a BOGO promotion in the last four years.

## II.     JURISDICTION AND VENUE

2.1     <u>Jurisdiction.</u> This Court has jurisdiction over Mr. Haley's claim under 28 U.S.C. § 1332(d) because Mr. Haley and at least the majority of the class members are citizens of California, while Albertsons Companies is a citizen of Idaho and Delaware, and because the amount in controversy exceeds $5 million.

2.2     <u>Venue.</u> Venue is proper in this District and in Humboldt County because the product giving rise of Mr. Haley's claims took place in Humboldt County and Safeway and Albertsons regularly transact business in Humboldt County.

2.3     <u>Divisional Assignment</u>. Pursuant to L.R. 3-2(c), this action should be assigned to the Eureka Division, as a substantial part of the events giving rise to the claim occurred in Humboldt County.

## III.     PARTIES

3.1     Caleb Haley is a natural person residing in Blue Lake, California.

3.2     Defendant Albertsons Companies, Inc., is a foreign limited liability corporation doing business in Humboldt County and throughout California. Albertsons Companies, Inc. is incorporated in Delaware and has its principal place of business in Idaho. Albertsons Companies is one of the largest food and drug retailers in the United States.

3.3     Defendant Safeway, Inc. is a domestic corporation doing business in Humboldt County and throughout California. Safeway is incorporated in Delaware with its principal place of business in California.

3.4     Albertsons maintains centralized control and approval over all pricing and sales of groceries in Safeway stores.

## IV.     FACTUAL ALLEGATIONS

**A.     Defendants inflate the regular retail price of products included in their BOGO promotions.**

4.1     Defendants operate approximately 243 Safeway branded store locations in California. All of these stores' BOGO programs operate under central policies put in place by Albertsons Companies.

4.2     Albertsons maintains centralized control and approval over all pricing and sales of groceries in Safeway stores.

4.3     The Safeway BOGO promotions require loyalty cards, which Safeway refers to as its "Club Card." Each Safeway Club Card has a unique number.

4.4     Throughout the class period Defendants routinely increased the regular retail price of items when offering them in BOGO sales. For example, during the class period, Safeway sold Dreyer's ice cream for $4.00 per tub. Within the same month, Safeway sold the same tubs of ice cream for $7.49 in a Buy 1, Get 1 Free promotion. Thus, Club Card consumers overpaid by $3.49 for any BOGO Dreyer's ice cream purchased during the BOGO promotion.

4.5     The price a Club Card member pays for an item is the regular retail price that any customer pays for BOGO products because a consumer must have a Club Card to make BOGO purchases. All consumers who make BOGO purchases would otherwise pay the Club Card price for the product.

4.6     Common BOGO products include but are not limited to boneless pork chops, chicken breast and thighs, beef steaks, ice cream, coffee, and frozen seafood.

4.7     For example, between March and May 2023, Defendants raised the regular retail price of the following items when offering them as part of a BOGO sale in California:

| Product | Regular Price | BOGO Price |
| --- | --- | --- |
| Gorton's Frozen Fish | $8.99 | $11.99 |
| Peets Coffee | $8.99 | $13.99 |
| Oreos Cookies | $4.99 | $6.79 |
| Dreyer's Ice Cream | $4.00 | $7.49 |
| Haggen-Dazs Ice Cream | $5.99 | $7.49 |

4.8     Contrary to the language of Defendants' free product offers, the BOGO products are not actually free. Instead, Defendants increase the price of the first unit of the product to cover the cost of the second—purportedly "free"—unit of the product.

4.9     The Federal Trade Commission has warned that retailers should use "extreme care" when including the word "free" in marketing. 16 C.F.R. § 251.1(a)(2).

4.10    The FTC has further explained that the public understands the offer of "free" merchandise to be based on the regular price of the item. With Buy 1 Get 1 Free offers, the customer believes they are paying nothing more than the regular price for the first item in order to obtain the second. 16 C.F.R. § 251.1(b)(1). The purchaser "has a right to believe that the merchant will not directly and immediately recover, in whole or in part, the cost of the free merchandise . . .by marking up the price of the article which must be purchased." *Id.*

**C.     Caleb Haley has made numerous purchases of BOGO products at inflated prices.**

4.11    Caleb Haley lives in Blue Lake, California.

4.12    Mr. Haley regularly shops at the McKinleyville, California Safeway.

4.13   Mr. Haley looks for bargains when he shops for groceries.

4.14   Mr. Haley is a Safeway Club Card member. The last four digits of his telephone number associated with his account are 2733.

4.15   Mr. Haley's most recent BOGO purchase at a Safeway store in California was Ben & Jerry's ice cream on April 14, 2023. He used his Safeway Club Card when he made the purchase. Safeway sold the BOGO Ben & Jerry's ice cream to Mr. Haley for $7.49 per 16 oz. tub. The price for Safeway Club Members for the same item the day before Safeway put the Ben & Jerry's ice cream on BOGO promotion was $4.00 per 16 oz. tub. The Ben & Jerry's ice cream returned to a lower price immediately after the BOGO promotion ended.

4.16   On May 31, 2023, the Safeway Club Card member price for the 16 oz. tubs of Ben & Jerry's ice cream was $3.99.

4.17   Mr. Haley paid Safeway a price premium for the Ben & Jerry's ice cream he bought as part of a BOGO promotion on April 14, 2023.

4.18   Mr. Haley also bought 16 oz. tubs of Ben & Jerry's ice cream at the elevated BOGO price of $7.49 on February 18, 2023, and December 17, 2022.

4.19   Mr. Haley bought the Cold Brew Coffee Sorbet flavor or Talenti Ice cream at an elevated BOGO price of $7.49 on December 9, 2022.

4.20   Mr. Haley bought Oreo Double Stuff Family Size cookies at an elevated BOGO price of $6.79 on December 17, 2022.

## V.   CLASS ACTION ALLEGATIONS

5.1   Mr. Haley brings this case on behalf of himself and of a proposed Class under Federal Rule of Civil Procedure 23 on behalf of himself and a Class defined as:

> All persons who, within four years before the date of the filing of this Complaint, bought products sold on a buy one, get one free or buy one, get two free basis ("BOGO sales"), at a Safeway store located in the State of California using a Safeway Club Card.
>
> Excluded from the proposed class are all attorneys for the class and employees of their law firms, the officers or directors of the

CLASS ACTION COMPLAINT - 5

1  Defendants, any judge who presides over the case, and all jurors or alternate jurors who sit on the case.

2   5.2   Underline: Numerosity: Safeway is one of the largest grocery retailers in California. On information and belief, there are more than 800,000 members of the proposed Class.

5.3   Commonality and Predominance: Defendants' BOGO pricing is a standard practice applied in all Safeway and Albertsons stores in California during the class period. As a result, Mr. Haley's claims raise common issues that predominate over individual issues. Adjudication of these common issues in a single action has important and desirable advantages of judicial economy.

5.4   Questions of law and fact common to Mr. Haley and the proposed Class include but are not limited to:

a. Whether Defendants regularly increase the price of BOGO products above the regular retail price for the same products;

b. Whether Defendants' BOGO sales pricing is unfair or unlawful;

c. Whether Defendants' BOGO sales pricing is fraudulent or misleading;

d. Whether Defendants' BOGO sales pricing and promotions omit information—namely that the BOGO price is higher than the regular retail price of the same product;

e. Whether Mr. Haley and the proposed Class are entitled to a rebuttable presumption of reliance as a result of Defendants' omissions;

f. Whether Defendants' conduct violates the California Consumer Legal Remedies Act;

g. Whether Defendants' conduct violates the False Advertising Law;

h. Whether Defendants' conduct violates California's Unfair Competition law; and

i. The nature and extent of the injury to the Class and the measure of compensation for such injury.

5.5 <u>Typicality</u>: Mr. Haley's claims are typical of the claims of the Class. His claims, like the claims of the Class, arise out of the purchase of BOGO products where consumers did not actually receive a free product because they paid inflated prices for BOGO products, and are based on the same legal and remedial theories.

5.6 <u>Adequacy of Representation</u>: Mr. Haley is an appropriate representative for the Class and will fairly and adequately protect the interests of the Class. He understands and is willing to undertake the responsibilities of acting in a representative capacity on behalf of the proposed Class. Mr. Haley has no interests that directly conflict with the interests of the Class.

5.7 Mr. Haley has retained experienced trial lawyers with significant experience in complex and class action litigation, including consumer class actions. Mr. Haley and his counsel are committed to prosecuting this action vigorously on behalf of the Class and have the financial resources to do so.

5.8 <u>Superiority</u>: Mr. Haley and members of the Class suffered harm and damages as a result of Defendants' unfair or deceptive conduct. Absent a class action, however, most Class members would find the cost of litigating their small dollar claims prohibitive. Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants, and deters illegal activities. The Class members are identifiable from Defendants' records, and there will be no significant difficulty in the management of this case as a class action.

5.9 <u>Injunctive Relief</u>: Defendants' conduct is uniform as to all members of the Class. Defendants have acted or refused to act on grounds that apply generally to the Class, so that final injunctive relief or declaratory relief is appropriate with respect to the Class as a whole.

## VI. FIRST CLAIM FOR RELIEF

**Violation of the Consumer Legal Remedies Act – Cal. Civ. Code § 1770**

6.1 Mr. Haley incorporates by reference all preceding paragraphs.

6.2 Defendants' sales of BOGO products are transactions that resulted in the sale of goods or services to a consumer. Cal. Civ. Code § 1770(a).

6.3 Under the CLRA, it is unlawful to advertise goods or services with intent to sell them not as advertised; or make a false or misleading statement about the existence of price reductions. Cal. Civ. Code § 1770(a)(9) and (13).

6.4 Defendants' advertisement of BOGO products coupled with Defendants' failure to provide the promised discount violates each of these provisions of the CLRA.

6.5 Defendants advertised the BOGO products, but failed to provide the promised discounts, in violation of Section 1770(a)(9).

6.6 Defendants made false or misleading statements about the existence of the BOGO discounts when they sold BOGO products at elevated prices, in violation of Section 1770(a)(13).

6.7 Mr. Haley brings this claim in furtherance of the public interest. He seeks no more relief for himself than he seeks for all members of the Class.

## VII. SECOND CLAIM FOR RELIEF

**(False Advertising Law: Failure to Provide Advertised Discounts - Cal. Bus. & Prof. Code §§ 17500)**

7.1 Mr. Haley incorporates by reference all preceding paragraphs.

7.2 The False Advertising Law prohibits any unfair, deceptive, untrue, or misleading advertising. Cal. Bus. & Prof. Code §§ 17500 et seq.

7.3 Defendants used false and misleading advertising to sell BOGO products and then failed to provide the promised discounts when they sold the BOGO products at elevated prices.

7.4 Mr. Haley and members of the Class reasonably relied on Defendants' promotion of the BOGO products. The promised BOGO discount was a material term that would induce a reasonable consumer to buy the products. Defendants failed to provide the promised discount.

7.5     Defendants knew or should have known that their promise to provide a free product was false or misleading because they raised regular prices when putting products on the BOGO promotion.

7.6     Mr. Haley and the members of the Class are entitled to all available relief under Cal. Bus. & Prof. Code § 17535, including restitution and injunctive relief.

7.7     Mr. Haley brings this claim in furtherance of the public interest.  He seeks no more or less relief for himself than he seeks for all members of the Class.

## VIII.   THIRD CLAIM FOR RELIEF

### (Unlawful, Unfair, or fraudulent Business Practices in Violation of the UCL - Failure to Provide Advertised Discounts)

8.1     Mr. Haley incorporates by reference all preceding paragraphs.

8.2     The California Unfair Competition Law ("UCL") prohibits acts of unfair competition, including business practices that are unlawful, unfair, or fraudulent. Cal. Bus. & Prof. Code §§ 17200 *et seq.*

8.3     A business practice that violates any other statute is an unlawful business practice under the UCL.

8.4     Defendants' sale of BOGO products was unlawful under the UCL because the sales violated the CLRA and the False Advertising Law as set forth in detail in Plaintiff First and Second Claims for Relief.

8.5     Defendants' sales of BOGO products are transactions that resulted in the sale of goods or services to a consumer. Cal. Civ. Code § 1770(a).

8.6     Defendants' advertisement of BOGO products coupled with its failure to provide the promised discount violates each of these provisions of the CLRA.

8.7     Defendants advertised the BOGO products, but failed to provide the promised discounts, in violation of Section 1770(a)(9).

8.8     Defendants made false or misleading statements about the existence of the BOGO discounts when they sold BOGO products at prices higher than the regular price, in violation of Section 1770(a)(13)

8.9     Under the CLRA, it is unlawful to advertise goods or services with intent to sell them not as advertised or make a false or misleading statement about the existence of price reductions. Cal. Civ. Code § 1770(a)(9), (13).

8.10    Defendants' promotion of the BOGO products is impermissible under 16 C.F.R. § 251.1(b)(1).

8.11    Advertising that is false and misleading is unfair under the California UCL.

8.12    False and misleading statements of fact include omissions of material fact that, by the exercise of reasonable care, should be known to affect the average consumer's decision as to whether to purchase a product.

8.13    Defendants' omission of the fact that they raised the regular prices of products when placing them on BOGO promotions is false or misleading.

8.14    Mr. Haley and the Class relied on Defendants' BOGO promotional statements when buying groceries. But for Defendants' misrepresentations and omissions, Mr. Haley and any reasonable consumer would have purchased fewer products or would have paid less for those products.

8.15    Defendants' misleading statements and failure to disclose that they raise the prices of products sold in BOGO promotions constitute false and misleading statements to the public.

8.16    Mr. Haley and the Class lost money or property as a result of Defendants' violations of the UCL when they paid Defendants elevated BOGO prices for grocery products.

8.17     Mr. Haley, members of the Class, and the general public are entitled to all relief available under the UCL, including restitution and injunctive relief because there is no adequate remedy at law.

8.18     Mr. Haley and the Class are entitled to recover reasonable attorneys' fees, costs, and expenses incurred in bringing this action under California Code of Civil Procedure section 1021.5.

8.19     Mr. Haley brings this claim in furtherance of the public interest. He seeks no more or less relief for himself than he seeks for all members of the Class

## IX.     PRAYER FOR RELIEF

Plaintiff requests relief as follows:

A.     Actual damages;

B.     Punitive damages;

C.     Injunctive relief prohibiting Defendants from inflating the prices of products offered on BOGO promotions above the regular retail price for those products;

D.     Attorneys' fees and costs of suit;

E.     Prejudgment interest; and

F.     Such other relief as the Court deems just and proper.

## X.     DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all claims so triable.

RESPECTFULLY SUBMITTED AND DATED this 7th day of June, 2023.

TERRELL MARSHALL LAW GROUP PLLC

By: */s/Beth E. Terrell*, CSB #178181
  Beth E. Terrell, CSB #178181
  Email: bterrell@terrellmarshall.com
  936 North 34th Street, Suite 300
  Seattle, Washington 98103
  Telephone: (206) 816-6603

BERGER MONTAGUE, P.C.

| | |
|---|---|
| 1 | By: */s/Sophia M. Rios*, CSB #305801 |
| 2 | Sophia M. Rios, CSB #305801 |
| | Email: srios@bm.net |
| 3 | 401 B Street, Suite 2000 |
| | San Diego, CA 92101 |
| 4 | Telephone: (619) 489-0300 |

E. Michelle Drake, *Pro Hac Vice Forthcoming*
Email: emdrake@bm.net
1229 Tyler Street NE, Suite 205
Minneapolis, Minnesota 55413
Telephone: (612) 594-5933

*Attorneys for Plaintiff*

## ATTESTATION

Pursuant to Civil L.R. 501(h)(3), the undersigned attests that each of the other Signatories have concurred in the filing of the document.

Dated: June 7, 2023

By: /s/ Sophia M. Rios
Sophia M. Rios (SBN 305801)
srios@bm.net
BERGER MONTAGUE PC
401 B Street, Suite 2000
San Diego, CA 92101
Tel: (619) 489-0300
Fax: (215) 875-4604

CLASS ACTION COMPLAINT - 13